## RECTOR v BALTIMORE & OHIO RD CO

Ohio Appeals, 9th Dist, Wayne Co

No 1037. Decided Nov 15, 1937

Dean H. Weimer, Wooster, and Myron T. Brenneman, Wooster, for appellee.

Starn & Etling, Wooster, for appellant.

## OPINION

### PER CURIAM

We learn from the record that William T. Rector, appellee, who occupied a farm across which tracks of the appellant, The Baltimore & Ohio Railroad Company, extended, sued, and recovered a judgment entered upon the verdict of a jury, for damages caused by the killing of some of Rector's cows, and the injuring of others, by a passenger train of said company at a farm crossing, provided and maintained by said company in obedience to the provisions of a deed by which it obtained the right to construct and operate its railroad across said farm.

In this appeal on questions of law, said company claims that there was error in the charge of the trial court; also that the court should have granted its motion, made at the conclusion of all of the evidence, for a judgment in its favor, because, on the evidence, the employee or agent of Rector in charge of said cattle was, as a matter of law, guilty of negligence which proximately contributed to the injury to said cattle; and that in any event the finding of the jury that said employee or agent was not so negligent is manifestly against the weight of the evidence.

As to the claimed prejudicial errors in the charge of the court to which our attention has been called in argument and brief, we are unanimously of the opinion that, in view of the evidence and considering the charge as a whole, the claims are not well taken.

As to the claim that the employee or agent of Rector in charge of said cattle was negligent as a matter of law, we are all of the opinion that, considering the many facts and circumstances involved in the solution of said question and the conflict in the evidence as to some of them, reasonable minds might reasonably differ as to whether there was such negligence, and that, all things considered, there was a jury rather than a law question presented by said issue.

For the purposes of this opinion, it is not necessary to attempt to set forth the facts and circumstances shown by the record which it is proper to consider in the solution of said question, as counsel are familiar with what the record discloses.

It seems to the members of the court that the mere fact that the boy in charge of the cattle (for the purpose of seeing if a train was approaching before permitting them to enter upon the crossing) went up the incline towards the track but five steps instead of fifteen steps, where he would have had the best view possible, does not constitute negligence as a matter of law.

Other facts shown by the record must be taken into consideration; the fact that the difference between the two viewpoints in the distance a train could be seen approaching, was due, at least to some extent, to obstructions growing on the right of way of the company; the fact that a train traveling sixty miles an hour is in view a very short time from either place, and the differ-

ence in point of time between the two views is difficult to determine from the evidence; and the fact that the farther the boy went to look, the longer thereafter it would take him to go back, let the cows out and get them up to the track. Quite likely there would be a difference of opinion as to whether this train, traveling at that speed, would have been in view from the track at the time he looked from the other viewpoint, because there is involved the element of time it took him, after he looked, to go back from that point and get the cows upon the track.

A jury might well have found that had he gone to the track viewpoint he would either have seen the train and not let the cattle out onto the crossing, or that if the train was not in sight he would not have had time to get the cows onto the track before the train reached the crossing; but we think that these matters presented a question for the jury to determine and not a question of law for the court to determine.

The claim that the finding of the jury on that issue is manifestly against the weight of the evidence presents a much more difficult question, as to which it is only necessary to say that after careful consideration we are not unanimously of the opinion that such finding is manifestly against the weight of the evidence.

Judgment affirmed.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.